UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BONNIE MARSH-GODREAU,

                         Plaintiff,

        -against-                                    8:15-cv-0437 (LEK/CFH)

SUNY COLLEGE AT POTSDAM,

                         Defendant.

_____

## MEMORANDUM-DECISION and ORDER

## I.    INTRODUCTION

On April 13, 2015, Plaintiff Bonnie Marsh-Godreau ("Plaintiff") commenced this action

against Defendant SUNY College at Potsdam ("Defendant" or "SUNY"), asserting discrimination

and retaliation claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et

seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 290 et seq., as

well as claims under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and for

intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress

("NIED").  Dkt. Nos. 1 ("Complaint"); 10 ("Amended Complaint").  Presently before the Court is

Defendant's Motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c).  Dkt. Nos. 15 ("Motion"); 15-1 ("Memorandum").  In response, Plaintiff moves to amend her

Amended Complaint.  Dkt. Nos. 19 ("Motion to Amend"); 19-2 ("Motion to Amend

Memorandum"); 19-4 ("Second Amended Complaint").  For the following reasons, Plaintiff's

Motion to amend is granted and Defendant's Motion for judgment on the pleadings is denied as

moot.

## II.    BACKGROUND[1]

### A. Amended Complaint

Plaintiff has been employed by Defendant as a Keyboard Specialist II since 1980.  Am. Compl. ¶ 19.  Plaintiff's responsibilities include data entry, paperwork filing, budget reporting, and purchasing.  Id.  Plaintiff has been diagnosed with depression, fibromyalgia, and bipolar II disorder. Id. ¶¶ 23-25.  On or about June 14, 2011, Plaintiff went on intermittent medical leave pursuant to the FMLA due to her disabilities.  Id. ¶ 27.

On November 18, 2011, Plaintiff was cleared by her doctor to return to work on a temporarily part-time or reduced work schedule.  Id. ¶ 31.  However, Defendant refused to allow Plaintiff to return on a part-time or reduced work schedule and required Plaintiff to be cleared to work full-time without any restrictions.  Id. ¶¶ 33-34.  Plaintiff had to return to her doctor to be cleared to work full-time without any restrictions.  Id. ¶ 37.  Defendant further extended Plaintiff's leave by requiring that she undergo a medical examination by Employee Health Services to determine her fitness for duty before returning to work.  Id. ¶ 38.  Plaintiff underwent a medical examination by Employee Health Services on December 13, 2011.  Id. ¶ 40.  On December 22, 2011, Plaintiff returned to work full-time without any restrictions.  Id. ¶ 42.

On January 11, 2011, Plaintiff received a negative performance appraisal that made over ten references to Plaintiff's medical leave and its impact on Plaintiff's department.  Id. ¶¶ 45-46. Plaintiff alleges that the negative appraisal was due to her disabilities.  Id. ¶ 45.  On March 1, 2012, Plaintiff discovered a document in her personnel file, which contained a number of observations

---

[1] In deciding a Rule 12(c) motion, a court must accept all factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor.  Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

from her co-workers on how Plaintiff's work behavior was affected by her disability. Id. ¶ 51.

On May 18, 2012, Plaintiff filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 15. Plaintiff received a Notice of Rights on January 15, 2015. Id. ¶ 17. On April 13, 2015, Plaintiff commenced this action. Compl. Plaintiff asserted claims under the ADA and NYSHRL for: discriminatory treatment because of a disability; failure to reasonably accommodate a disability; hostile work environment; an improper medical examination request; improper disclosure of private medical information in Plaintiff's personnel file; and retaliation for opposing discrimination on the basis of her disability. Id. ¶¶ 1-2. Plaintiff further stated a FMLA claim for failure to immediately reinstate Plaintiff at the end of her leave and for retaliation, and claims for IIED and NIED. Id. ¶¶ 3-4. Plaintiff requested monetary damages. See Compl. Plaintiff subsequently filed an Amended Complaint adding a request for liquidated damages. See Am. Compl. On July 29, 2015, Defendant moved to dismiss the Amended Complaint in its entirety on the ground that Plaintiff's claims are barred by the Eleventh Amendment. Mot.

**B. Proposed Second Amended Complaint**

Plaintiff's proposed Second Amended Complaint names Karen Ham ("Ham"), Director of Career Planning at SUNY and Plaintiff's immediate supervisor, as a defendant in her individual capacity to Plaintiff's NYSHRL, FMLA, and IIED and NIED claims and removes SUNY as a defendant to those claims. Sec. Am. Compl. The proposed Second Amended Complaint further amends Plaintiff's ADA claims against SUNY to request injunctive relief and adds a claim against SUNY under § 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. Id.

3

## III.    LEGAL STANDARD

### A.  Motion for Judgment on the Pleadings

Where a Rule 12(c) motion is used to assert that a court lacks subject matter jurisdiction,

"the court should apply the same standard as that applicable to a motion under Rule 12(b)(1)."

United States v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 441 (E.D.N.Y. 1992).  "A

claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the

district court lacks the statutory or constitutional power to adjudicate it."  Morrison v. Nat'l Austl.

Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008); see also FED. R. CIV. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In considering a motion to dismiss under Rule 12(b)(1), a court must accept as true all material

factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff.

Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012).  The plaintiff bears the

burden of establishing that a court has subject matter jurisdiction by a preponderance of the

evidence.  Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading, Inc., 697 F.3d 59, 65 (2d Cir.

2012).

### B.  Motion to Amend

Generally, a party may amend its pleading once as of right.  FED. R. CIV. P. 15(a)(1).  Once

an as-of-right amendment becomes unavailable, a party may amend only with the consent of the

opposing party or with leave of the court.  FED. R. CIV. P. 15(a)(2).  Leave to amend a pleading

should be "freely given when justice so requires."  Id.  District courts are vested with broad

discretion to grant a party leave to amend, and should deny such a request only in the face of undue

delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has

repeatedly failed to cure deficiencies in previous amendments.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>SCS Commc'n, Inc. v. Herrick Co.</u>, 360 F.3d 329, 345 (2d Cir. 2004).  "The party opposing [a motion for leave to amend] has the burden of establishing that leave to amend would be prejudicial or futile."  <u>Blaskiewicz v. Cty. of Suffolk</u>, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).  A proposed amendment is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."  <u>Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002).

To survive a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> FED. R. CIV. P. 12(b)(6).  A court must accept as true the factual allegations contained in a complaint and draw all inferences in a plaintiff's favor.  <u>See</u> <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249-50 (2d Cir. 2006).

**IV.    DISCUSSION**

Defendant moves to dismiss Plaintiff's Amended Complaint on the basis of sovereign immunity.  Mem. at 1.  Defendant further argues that the proposed amendments in Plaintiff's Second Amended Complaint are futile because they are time-barred.  Dkt. No. 20 ("Reply") at 1.

**A.  Claims Against SUNY**

The Eleventh Amendment has long been construed as barring suits by all persons against state governments in federal court, under the fundamental principle of "sovereign immunity."  U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State, or by Citizens or Subjects of any Foreign State."); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Hans v. Louisiana, 134 U.S. 1, 10-21 (1890). "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." Coleman v. Court of Appeals of Md., 132 S. Ct. 1327, 1333 (2012). In an exception to that principle, Congress may abrogate the states' immunity when it acts in a valid exercise of its authority under section 5 of the Fourteenth Amendment. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 80 (2000). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)). SUNY is an arm of the state and thus is entitled to sovereign immunity. Garcia v. State Univ. of N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("For Eleventh Amendment purposes, SUNY is an integral part of the government of the State [of New York] and when it is sued the State is the real party." (alteration in original)).

To the extent Plaintiff's Amended Complaint asserted claims against SUNY under the ADA, FMLA, and state law, those claims are barred by the Eleventh Amendment. The Supreme Court has held that "Title I of the ADA does not constitute a valid exercise of Congress' authority under section 5 of the Fourteenth Amendment sufficient to abrogate the state's Eleventh Amendment sovereign immunity." Canales-Jacobs v. N.Y. State Office of Court Admin., 640 F. Supp. 2d 482, 498 (S.D.N.Y. 2009) (citing Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)); see also Chiesa v. N.Y. State Dep't of Labor, 638 F. Supp. 2d 316, 323 (N.D.N.Y. 2009) ("If a state is

immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against discrimination."). The Supreme Court has similarly held that Congress did not validly abrogate the states' immunity from suit for violations of the FMLA's self-care provision. Coleman, 132 S. Ct. at 1338; see also Tiffany v. N.Y. State Veteran's Home, No. 15-cv-0108, 2015 WL 4460968, at *11 (N.D.N.Y. July 21, 2015) (stating that retaliation claims under FMLA's self-care provision are barred by sovereign immunity). Finally, "[t]he Eleventh Amendment bars federal suits against state officials on the basis of state law." Allen v. Cuomo, 100 F.3d 253, 260 (2d Cir. 1996). Accordingly, Plaintiff's state law claims against SUNY are barred.

In her proposed Second Amended Complaint, Plaintiff amends her ADA claims against SUNY to request injunctive relief. See Sec. Am. Compl. Plaintiff argues that the ADA's discrimination provisions are enforceable "by private individuals in actions for injunctive relief under Ex parte Young, 209 U.S. 123 (1908)." Mot. Am. Mem. at 16-17 (quoting Garrett, 531 U.S. at 374 n.9). However, the proposed amendment is futile. Ex parte Young requires that "a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly." Santiago v. N.Y. State Dep't of Corr. Servs., 945 F.2d 25, 32 (2d Cir. 1991). Because Plaintiff does not name a state official, she cannot invoke the Ex parte Young exception. Accordingly, it would be futile to allow Plaintiff to amend her ADA claim to request injunctive relief against SUNY.

Plaintiff additionally seeks to add a claim under § 504 of the Rehabilitation Act[2] against

_____

[2] Section 504 provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); see also Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003) (noting that the standard for § 504 claims is generally the same as for ADA claims).

SUNY. Sec. Am. Compl. ¶ 1. District courts in the Second Circuit have recognized that "New York's continued acceptance of federal funds under § 504 after <u>Garcia</u> constitutes a knowing waiver of sovereign immunity under that provision." <u>Marino v. City Univ. of N.Y.</u>, 18 F. Supp. 3d 320, 331 (E.D.N.Y. 2014) (collecting cases); <u>see also</u> <u>Degrafinreid v. Ricks</u>, 417 F. Supp. 2d 403, 414 (S.D.N.Y. 2006) (stating that the <u>Garcia</u> court "acknowledged New York's acceptance of federal funds at a later date 'might properly reveal a knowing relinquishment of sovereign immunity.'" (quoting <u>Garcia</u>, 280 F.3d at 113 n.4)).

Defendants assert that allowing amendment to add Plaintiff's proposed § 504 claim would be futile because the claim would be barred by the statute of limitations and does not relate back to the original Complaint under Rule 15(c)(1). Reply at 5-8.

The Court must first consider whether Plaintiff's proposed § 504 claim relates back to the filing date of Plaintiff's original Complaint under Rule 15(c)(1). <u>See</u> FED. R. CIV. P. 15(c)(1). Plaintiff assumes, but does not argue, that the relation-back doctrine applies. <u>See</u> Mot. Am. Mem. at 14. Defendant argues that the Court should not *sua sponte* analyze whether the relation-back doctrine applies when Plaintiff has not briefed the issue. Reply at 6 n.3. However, because Plaintiff has otherwise argued that her claims are timely under the doctrine, <u>see</u> Mot. Am. Mem. at 6-9, the Court will exercise its discretion and consider whether the doctrine applies to her § 504 claim. Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." FED. R. CIV. P. 15(c)(1)(B). "The pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims." <u>Wilson v. Fairchild Republic Co.</u>, 143 F.3d 733, 738 (2d Cir. 1998). "Provided

the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original." Wells v. Harris, 185 F.R.D. 128, 132 (D. Conn. 1999); see also 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1497 (3d ed. 2010) ("The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."). Plaintiff's § 504 claim is based on the same set of operative facts as the discrimination and retaliation claims in her original Complaint. See Bank Brussels Lambert v. Chase Manhattan Bank, N.A., No. 93 Civ. 5298, 1999 WL 672302, at *2 (S.D.N.Y. Aug. 27, 1999). Furthermore, the claim mirrors the ADA claims raised in the original Complaint. Accordingly, the Court finds that Plaintiff's § 504 claim relates back to the filing date of Plaintiff's original Complaint and that April 13, 2015, is the date that the action was commenced for statute of limitations purposes.

A claims "accrues when the plaintiff 'knows or has reason to know' of the harm." Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (quoting Cullen v. Margiotta, 811 F.2d 698, 725 (2d Cir. 1987)). The parties agree that a three-year statute of limitations period applies to claims under the Rehabilitation Act. Mot. Am. Mem. at 14 (citing Morse v. Univ. of Vt., 973 F.2d 122, 127 (2d Cir. 1992) (holding that "actions under § 504 of the Rehabilitation Act are governed by the state statute of limitations applicable to personal injury actions")); see also N.Y. C.P.L.R. § 214(5) (providing that "an action to recover damages for a personal injury" must be commenced within three years). Therefore, Plaintiff's § 504 claim is time-barred to the extent that it is based on acts that occurred before April 13, 2012. Here, the only action Plaintiff complains of that occurred after April 13,

2012, is that she was removed from data entry on July 1, 2012, as a result of her negative performance review. Sec. Am. Compl. ¶ 56. Defendant argues that this action, which was not alleged in the original Complaint, should not relate back to the original Complaint's filing date. Reply at 6 n.3. "New allegations contained in an amended pleading will relate back if the allegations amplify the facts alleged in the original pleading or set forth those facts with greater specificity." Oliner v. McBride's Indus., 106 F.R.D. 9, 12 (S.D.N.Y. 1985). "Where the new allegations go beyond such amplification," the inquiry for the Court is "whether there is a common core of operative facts linking the amendments and original complaint." Id. While Plaintiff's new allegation recounts a separate transaction from the allegations in the original Complaint, it is sufficiently connected to the allegations in the original Complaint to relate back. Id. at 13 (finding that allegation relates back where it "is a natural offshoot of the basic scheme"); see also In re Chaus Sec. Litig., 801 F. Supp. 1257, 1264 (S.D.N.Y. 1992) (finding that new allegations regarding manipulations of accounts receivable were offshoot of basic scheme to defraud investors by misrepresenting company's profitability). Thus, Plaintiff's allegation that she was removed from data entry on account of her disability is timely. However, the other acts that Plaintiff complains of occurred before April 13, 2012 and are therefore untimely.

Plaintiff argues that she has alleged an ongoing policy of discrimination and that under the continuing violation doctrine, her untimely allegations may be deemed timely. Mot. Am. Mem. at 15. Under the continuing violation doctrine, "[w]hen a plaintiff experiences a 'continuous practice and policy of discrimination . . . the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it.'" Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997) (quoting Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994)).

"The continuing violation exception applies to cases involving specific discriminatory policies or mechanisms. . . . [M]ultiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993). "Discrete acts" are acts "such as termination, failure to promote, denial of transfer, or refusal to hire." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). "[T]he continuing violation doctrine is disfavored in this Circuit, and will be applied only upon a showing of compelling circumstances." Lloyd v. WABC-TV, 879 F. Supp. 394, 399 (S.D.N.Y. 1995).

Here, Plaintiff alleges that Defendant did not allow her to return from medical leave with a reasonable accommodation; required her to undergo a medical examination; gave her a negative performance appraisal on the basis of her disability; disclosed her personal medical information in her personnel file; and removed her from certain duties based on her disability. Sec. Am. Compl. Plaintiff does not allege a "specific discriminatory polic[y]," but rather a series of discrete acts. Valtchev v. City of New York, 400 F. App'x 586, 589 (2d Cir. 2010) (stating that negative evaluation is a discrete act); Hernandez v. Kellwood Co., No.99Civ.10015, 2003 WL 22309326, at *14 (S.D.N.Y. Oct. 8, 2003) (stating that discrete acts "include allegedly discriminatory transfers, job assignments and non-promotions and failures to compensate adequately"); Stuevecke v. N.Y. Hosp. Med. Ctr. of Queens, No. 01-CV-326, 2003 WL 22019073, at *4 (E.D.N.Y. Aug. 26, 2003) (finding that denial of reasonable accommodation is discrete event). Thus, the Court finds that Plaintiff has failed to show a continuing violation.

Plaintiff also purports to assert a hostile work environment claim. Sec. Am. Compl. ¶ 1. "A hostile work environment claim is composed of a series of separate acts that collectively constitute

11

one 'unlawful employment practice. . . . Provided that an act contributing to the claim occurs with the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'" <u>Morgan</u>, 536 U.S. at 117. Thus, to the extent Plaintiff asserts a hostile work environment claim, that claim is timely because Plaintiff has alleged an act occurring within the limitations period. <u>See</u> <u>Krinsky v. Abrams</u>, No. 01 CV 5052, 2007 WL 1541369, at *6 (May 25, 2007) ("[A]lthough the Court will consider the entire time period for the purposes of Plaintiff's hostile environment claim, Plaintiff is precluded . . . from asserting in this action any [time-barred] conduct by defendants as specific, compensable acts of discrimination or retaliation.").

However, while her claim is timely, Plaintiff has failed to plead facts sufficient to support state a hostile work environment claim. "To state a claim for a hostile work environment . . . a plaintiff must plead facts that would tend to show that the complained of conduct: (1) 'is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive'; (2) creates an environment 'that the plaintiff subjectively perceives as hostile or abusive'; and (3) 'creates such an environment because of the plaintiff's [disability].'" <u>Patane v. Clark</u>, 508 F.3d 106, 113 (2d Cir. 2007) (quoting <u>Gregory v. Daly</u>, 243 F.3d 687, 691-92 (2d Cir. 2001)). "Isolated, minor acts or occasional episodes do not warrant relief." <u>Brennan v. Metro. Opera Ass'n, Inc.</u>, 192 F.3d 310, 318 (2d Cir. 1999). "A hostile work environment exists '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment.'" <u>Torres v. Pisano</u>, 116 F.3d 625, 630-31 (2d Cir. 1997) (alteration in original) (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993)); <u>see also</u> <u>Zavala v. Cornell Univ.</u>, 9 F. Supp. 3d 213, 220 (N.D.N.Y. 2014) (Kahn, J.)

("ADA hostile work environment claim are evaluated under the same standard as a Title VII hostile work environment claim.").  Plaintiff does not allege "severe or pervasive" incidents of harassment on account of her disability.  Hayut v. State Univ. of N.Y., 352 F.3d 733, 745 (2d Cir. 2003); see also Krinsky, 2007 WL 1541369, at *10 ("Several negative classroom evaluations, limitation of access to the supply room, a psychological evaluation, and denial of attendance at conferences is not severe or pervasive enough to create a hostile or abusive work environment.").  Insofar as Plaintiff states a hostile work environment claim under § 504, that claim is subject to dismissal.[3]

As an alternative to her continuing violation argument, Plaintiff argues that the three-year limitation period on her § 504 claim should be tolled while her discrimination charge was being investigated by the EEOC.  Mot. Am. Mem. at 15.  Plaintiff asserts that Johnson v. Railway Express Agency, Inc., 421 U.S. 465 (1975) stands for the proposition that a plaintiff who exhausts administrative remedies on a claim may toll the statute of limitations on an "identical claim."  Id. at 15-16.  However, Plaintiff misstates Johnson.  The Johnson court found that it was not appropriate to toll the statute of limitations on the plaintiff's § 1981 claim while the plaintiff exhausted administrative remedies for his Title VII claim because "Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII."  Johnson, 421 U.S. at 466.  The plaintiff in Johnson "could have filed his § 1981 cause of action at any time after his cause of action accrued."  Id.  Although the standard for a § 504 claim is similar to the standard for an ADA claim, see Henrietta D., 331 F.3d at 272, a § 504 claim is a "separate" and "independent" claim.  Plaintiff

---

[3] For the same reasons, Plaintiff's hostile work environment claim under the NYSHRL is also subject to dismissal.  Forgione v. City of New York, No. 11-CV-5248, 2012 WL 4049832, at *7 (E.D.N.Y. Sept. 13, 2012).

could have filed her § 504 claim at any time after her cause of action accrued. "[N]either federal nor New York law require[d Plaintiff] to exhaust her [ADA] claims before filing a Rehabilitation Act claim in federal court." Raggi v. Wegmans Food Mkts., Inc., 779 F. Supp. 705, 709 (W.D.N.Y. 1991). Accordingly, tolling does not apply to Plaintiff's § 504 claim.

In conclusion, Plaintiff's sole timely allegation supporting her § 504 discrimination and retaliation claim against SUNY is that she was removed from her data entry duties on account of her disability on July 1, 2012. Sec. Am. Compl. ¶ 56. Defendant does not argue that it would be futile for Plaintiff to base her discrimination and retaliation claims on this allegation alone. Therefore, because it is Defendant's burden to establish the futility of Plaintiff's Motion to amend, see Blaskiewicz, 29 F. Supp. 2d at 137, Plaintiff's Motion to amend is granted insofar as it seeks to add a § 504 claim against SUNY based on the allegation that Plaintiff was removed from her data entry duties on account of her disability.

**B. Claims Against Ham**

Plaintiff seeks leave to amend her NYSHRL, FMLA, and IIED and NIED[4] claims to name Ham as a defendant, rather than SUNY. Mot. Am. Mem. at 6-9.

*1. State Law Claims*

Plaintiff argues that the addition of Ham relates back to the filing date of the original Complaint under Rule 15(c). Id. at 6. However, even assuming the addition of Ham relates back to

---

[4] Under New York law, a NIED claim "depend[s] on a plaintiff's proximity to and observation of 'serious physical injury or death inflicted . . . on a member of the plaintiff's immediate family or the endangerment of a plaintiff's physical safety.'" Dollman v. Mast Indus., Inc., 731 F. Supp. 2d 328, 340 (S.D.N.Y. 2010) (quoting Baker v. Dorfman, 239 F.3d 415, 421 (2d Cir. 2000)). Plaintiff has failed to assert allegations to support a NIED claim and her proposed amendments to that claim are deemed futile.

the original Complaint and that April 13, 2015 is that date that the action commenced for statute of limitations purposes, the majority of Plaintiff's factual allegations are untimely for the purposes of Plaintiff's state law claims. Plaintiff's IIED claim has a one-year statute of limitations. N.Y. C.P.L.R. § 215(3); <u>Koster v. Chase Manhattan Bank, N.A.</u>, 609 F. Supp. 1191, 1198 (S.D.N.Y. 1985). Thus, even if the addition of Ham relates back, Plaintiff's IIED claim is time-barred. The last alleged act in the proposed Second Amended Complaint occurred July 1, 2012, well before the April 13, 2014 limitation period for Plaintiff's IIED claim.

For Plaintiff's NYSHRL claims, which have a three-year statute of limitations, the analysis parallels the above discussion of Plaintiff's § 504 claim. <u>See</u> N.Y. C.P.L.R. § 214(2); <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 238 (2d Cir. 2007). Because Plaintiff's claims do not constitute a continuing violation, Plaintiff's sole timely allegation for the purposes of her NYSHRL claims is that she was removed from her data entry duties on account of her disability on July 1, 2012. To determine whether this allegation is timely for Plaintiff's NYSHRL claim against Ham, the Court must consider whether the addition of Ham relates back.

Where an amendment adds a party as a defendant, the amendment will relate back to the filing date of the original complaint,

> if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c)(1)(C). A "deliberate but mistaken choice" to sue the wrong defendant "does

not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." <u>Krupski v. Costa Crociere</u> <u>S.p.A.</u>, 560 U.S. 538, 549 (2010). The inquiry is focused on whether the prospective defendant "knew or should have known that, absent some mistake, the action would have been brought against him." <u>Id.</u> However, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met." <u>Id.</u> at 552. Plaintiff asserts that (1) she mistakenly believed that she could directly file suit against SUNY and (2) that Ham had actual notice of Plaintiff's claims because the EEOC charge and original Complaint repeatedly referred to her. Mot. Am. Compl. at 8-9. Alternatively, Plaintiff asserts that there is an "identity of interest" to impute knowledge to Ham. <u>Id.</u> at 9.

The Court first considers whether Ham "received such notice of the action that [she] will not be prejudiced in defending on the merits" during the period provided for service of the complaint. Plaintiff asserts that Ham had actual notice of this action but does not provide any argument in support of that assertion. <u>Id.</u> The Court finds nothing in the record to suggest that Ham ever received actual notice of this action.

Notice may also be established where the proposed new party had constructive notice. "Under the doctrine of constructive notice, knowledge of a lawsuit can be imputed to a previously unnamed government official through the attorney who would represent him, as long as that attorney also represented the government entities or officials already sued and knew or should have known that the new defendant would be named." <u>Diaz v. City of New York</u>, No 13 Civ. 8281, 2015 WL 6125586, at *2 (S.D.N.Y. Oct. 7, 2015) (citing <u>Abdell v. City of New York</u>, 759 F. Supp. 2d

450, 455 (S.D.N.Y. 2010)).  "The constructive notice doctrine is based on the theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has already begun preparing a defense for the named defendant during the limitations period."  Velez v. Fogarty, No. 06 Civ. 13186, 2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008).  Defendant asserts that the constructive notice doctrine does not apply because the Attorney General's office has not represented Ham at any point in this action.  Reply at 2 n.1.  However, as a state employee, Ham is entitled to representation by the Attorney General's office, which represents SUNY.  N.Y. PUB. OFF. LAW § 17(2)(a) ("[T]he state shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties.");  see also Maccharulo v. Gould, 643 F. Supp. 2d 587, 594 (S.D.N.Y. 2009) (finding shared representation where new defendants were entitled to representation by the Attorney General's office);  Jones v. N.Y. State Div. of Military & Naval Affairs, No. 93-CV-0862, 1997 WL 266765, at *6 (N.D.N.Y. May 7, 1997) (Kahn, J.).

Next, the Court must consider whether the Attorney General's office "knew or should have known" that Ham would be added as a defendant.  Pape v. Bd. of Educ. of Wappingers Cent. Sch. Dist., No. 07-CV-8828, 2009 WL 3151200, at *13 (S.D.N.Y. Sept. 29, 2009).  Here, the Court finds that the Attorney General's office should have known that Plaintiff would seek to Ham as a defendant.  Plaintiff named Ham in the original Complaint as an individual responsible for discrimination and retaliation.  Furthermore, the Attorney General's office was aware that Plaintiff's claims in her original Complaint were barred by the Eleventh Amendment; indeed, Defendant asserted Eleventh Amendment immunity as an affirmative defense in its Answer.  Dkt. No. 8

("Answer") ¶ 32. Accordingly, the Attorney General's office should have been aware that Ham and other individuals were the proper defendants to Plaintiff's claims. Jones, 1997 WL 266765, at *6.

For the same reasons, the Court finds that Ham should have known that but for Plaintiff's mistake, she would have been named as a defendant. "[W]here a plaintiff can show that he misapprehended the identity of the person he wished to sue (a factual mistake), or failed to understand the legal requirements of his claim (a legal mistake), then the claim satisfies the 'mistake' requirement of Rule 15(c)(3)." Dupree v. Pugh, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006) (citing Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996)). Due to the Eleventh Amendment, Plaintiff was required to bring her discrimination and retaliation claims against the responsible individuals, not the state entities. Therefore, any named individuals with notice of Plaintiff's action should have known that they, not SUNY, were liable for Plaintiff's claims. Soto, 80 F.3d at 36; Woods v. Ind. Univ.-Purdue Univ., 996 F.2d 880, 887 (7th Cir. 1993) (stating that because "every state's sovereign immunity from, and all state employees' personal exposure to, Section 1983 liability for constitutional torts was clearly established . . . the omitted defendants 'should have known' . . . they would have been named . . . but for the mistake by [counsel]"). Defendant argues that Plaintiff's conduct indicates that her failure to name Ham as a defendant was not a mistake because Plaintiff did not add Ham as a defendant in her Amended Complaint, despite being on notice of Defendant's Eleventh Amendment defense. Reply at 4. However, under Krupski, a plaintiff's postfiling conduct is generally immaterial to whether an amended complaint relates back. Krupski, 560 U.S. at 554.

Accordingly, the Court finds that Ham constructively knew that but for Plaintiff's mistake, she would have been named in the original Complaint. The addition of Ham therefore relates back

18

to the filing date of the original Complaint and Plaintiff's allegation that Ham removed Plaintiff

from data entry duties is timely. Thus, because it is Defendant's burden to establish that amendment

would be futile, see Blaskiewicz, 29 F. Supp. 2d at 137, Plaintiff's Motion to amend is allowed to

the extent it states NYSHRL discrimination and retaliation claims against Ham based on the

allegation that Ham removed Plaintiff from data entry duties.

### 2. FMLA Claims

Plaintiff asserts interference and retaliation claims under the FMLA against Ham. See Sec.

Am. Compl. ¶¶ 375-99. The FMLA entitles "eligible employee[s]" to twelve work weeks of unpaid

leave per year. 29 U.S.C. § 2612(a)(1). To state a prima facie claim of interference under the

FMLA, "a plaintiff must establish by a preponderance of the evidence that: (1) she is an eligible

employee under the FMLA; (2) defendants constitute an employer under the FMLA; (3) she was

entitled to leave under the FMLA; (4) that she gave notice of her intention to take leave; and (5)

defendants denied her benefits to which she was entitled by the FMLA." Reilly v. Revlon, Inc., 620

F. Supp. 2d 524, 535 (S.D.N.Y. 2009). "To establish a *prima facie* retaliation claim under the

FMLA a plaintiff must show that: (1) she exercised rights protected under the FMLA; (2) she was

qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse

employment action occurred under circumstances giving rise to an inference of retaliatory intent."

Id. at 537-38.

The FMLA provides for a three-year statute of limitations for "willful violations," 29 U.S.C.

§ 2617(c)(2), and a two-year statute of limitations for all other violations, 29 U.S.C. § 2617(c)(1).

Both statutes run from the date of the "last event constituting the alleged violation for which the

action is brought." 29 U.S.C. § 2617(c)(1), (2). "An alleged FMLA violation is willful if an

employer either knew or recklessly disregarded whether its conduct violated the FMLA." Smith v.

Westchester Cty., 769 F. Supp. 2d 448, 463 (S.D.N.Y. 2011). Plaintiff alleges generally that Ham's

violations of her FMLA rights were willful. Sec. Am. Compl. ¶¶ 386, 399.

Defendant has not contested Plaintiff's allegations of willfulness. See Reply. Accordingly,

the Court will assume that the three-year statute of limitations for willful violations applies for the

purposes of Plaintiff's Motion to amend. See Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182,

192 (S.D.N.Y. 2011) ("At the motion to dismiss stage, a plaintiff must make only a general

allegation of willfulness to gain the benefit of the three-year statute of limitations under the

FMLA."). However, even assuming that the three-year statute of limitations applies, Plaintiff's sole

timely allegation in support of her FMLA claims is that she was removed from data entry duties.

This allegation is insufficient to support Plaintiff's interference claim because it does not establish

that Plaintiff was denied benefits under the FMLA. Because it is Defendant's burden to establish

that amendment is futile, Blaskiewicz, 29 F. Supp. 2d at 137, the Court will not decide at this time

whether this allegation alone would also be insufficient to support Plaintiff's FMLA retaliation

claim.

### C. Conclusion

In summary, Plaintiff's Motion to amend is granted. Plaintiff's ADA, FMLA interference,

NIED, IIED, and hostile work environment claims are dismissed. Plaintiff's claims for

discrimination and retaliation under § 504 of the Rehabilitation Act and NYSHRL, and FMLA

retaliation claim are dismissed to the extent that they are based on conduct occurring before April

13, 2012.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 19) to amend is **GRANTED**; and it is further

**ORDERED**, that the Second Amended Complaint (Dkt. No. 19-4) is now the operative pleading in this action; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 15) for judgment on the pleadings is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:       March 11, 2016
             Albany, NY

Lawrence E. Kahn
U.S. District Judge

21